KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUAN HERON-SALINAS, <br><br> Defendant. | Criminal Case No. 07CR2872-JM <br><br> **GOVERNMENT'S MOTION FOR:** <br><br> **(1) FINGERPRINT EXEMPLARS** <br> **(2) RECIPROCAL DISCOVERY** <br><br> **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:  November 30, 2007 <br> Time:  11:00 A.m. <br> Court:  The Hon. Jeffrey T. Miller |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//
//
//
//
//

# I

## STATEMENT OF THE CASE

On October 17, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Raul Mendez-Vargas ("Defendant") with Attempted Entry After Deportation, in violation of Title 8, United States Code, Section 1326. On October 30, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

# II

## STATEMENT OF FACTS

### A. Defendant's Apprehension

On October 9, 2007, at about 6:30 a.m., Defendant attempted to enter the United States from Mexico through the San Ysidro Port of Entry. Specifically, Defendant was found, along with three other people, concealed in the trunk of a 2001 Volkswagen Jetta. Defendant was escorted to secondary inspection.

In secondary, Defendant's biographical information and fingerprints were entered into the IAFIS and immigration computer databases, which revealed Defendant's criminal and immigration history. Defendant was then advised of his <u>Miranda</u> rights in the Spanish language. Defendant elected to waive invoke his right to remain silent. Defendant was also advised of his consular communication rights and he notified a consular officer of his arrest.

### B. Defendant's Criminal and Immigration History

On January 18, 2000, Defendant was convicted in Los Angeles Superior Court of Assault with a Firearm on a Person in violation of California Penal Code § 245(a)(2). Defendant was sentenced to 72 months in custody.

On December 4, 2006, Defendant was convicted in this District of alien smuggling in violation of 8 U.S.C. § 1324. Defendant was sentenced to 18 months in custody

Defendant appeared before an Immigration Judge for a deportation hearing on December 30, 2004 and was physically removed from the United States to Mexico through the Calexico Port of Entry. Defendant was most recently physically removed to Mexico on October 1, 2007 through Pennsylvania following his release from Federal Correctional Institution Gilmer.

By the Government's calculations, Defendant has 9 criminal history points under the Sentencing Guidelines and is in criminal history category IV. His guideline range is 77 to 96 months.

## III

## UNITED STATES' MOTIONS

**A.   FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

**B.   RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 69 pages of discovery and one DVD. The Government has ordered Defendant's A-File, but because he was removed from the United States so recently and the removal was initiated in Pennsylvania, the file has not yet been received. The Government has also ordered the audiotape from Defendant's hearing before an Immigration Judge and will produce a copy as soon as the tape is received and a duplicate has been made. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense. The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

# IV
# **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that its motions be granted.

DATED: November 16, 2007.

                                              Respectfully Submitted,

                                              KAREN P. HEWITT
                                              United States Attorney

                                              /s/ ***Nicole Acton Jones***
                                              NICOLE ACTON JONES
                                              Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN HERON-SALINAS,<br><br>Defendant. | Criminal Case No. 07CR2872-JM<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Jennifer Coon, Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 16, 2007.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney