```
 1  KAREN P. HEWITT
    United States Attorney
 2  NICOLE ACTON JONES
    Assistant U.S. Attorney
 3  California State Bar No. 231929
    United States Attorney's Office
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-5482
    E-mail: nicole.jones@usdoj.gov
 6
    Attorneys for Plaintiff
 7  United States of America
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 07CR2872-JM |
|---|---|
| Plaintiff, | ) **GOVERNMENT'S SUPPLEMENTAL RESPONSE** ) **AND OPPOSITION TO DEFENDANT'S** ) **MOTIONS TO:** |
| v. | ) **(1) DISMISS INDICTMENT DUE TO** ) **INVALID DEPORTATION;** |
| JUAN HERON-SALINAS, | ) **(2) GRANT LEAVE TO SUPPLEMENT** ) **MOTION AND TO FILE FURTHER** |
| Defendant. | ) **MOTIONS** ) ) **TOGETHER WITH STATEMENT OF FACTS** ) **AND MEMORANDUM OF POINTS AND** ) **AUTHORITIES** ) ) Date: March 7, 2008 ) Time: 11:00 a.m. ) Court: Hon. Jeffrey T. Miller |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Supplemental Response and Opposition to Defendant's above-captioned motions. Said supplemental response and opposition is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

Defendant was deported on December 30, 2004 as an aggravated felon based on a January 18, 2000 conviction for assault with a firearm on a person in violation of California Penal Code § 245(a)(2). (Def's Motion, Exh. B & C). On January 11, 2008, Defendant filed a motion to dismiss the indictment due to an invalid deportation. Defendant's sole allegation is that his Section 245(a)(2) conviction is not a "crime of violence" as that term is defined by Section 16 of Title 18 and therefore his conviction is not an "aggravated felony" for purposes of the immigration code.

On January 18, 2008, the Government filed its response and opposition to Defendant's motion. In that response, the Government argued that an assault with a deadly weapon conviction under Section 245(a)(2) is categorically a crime of violence. At the motion hearing on January 25, 2008, this Court continued the hearing and requested supplemental briefing on whether Defendant's conviction is a crime of violence under the modified categorical approach.

**II.**

**THE MODIFIED CATEGORICAL APPROACH**

Even though assault with a deadly weapon is a classic crime of violence, Defendant argues that a Section 245(a)(2) is not categorically a crime of violence because such a conviction can be based on "reckless" conduct. [Def's Motion at 3-6.] As set forth in detail in the Government's January 18 response brief, California courts have clearly and repeatedly held that a

1  conviction under Section 245(a)(2) requires *intentional* conduct
2  and that reckless or negligent conduct is insufficient.
3  [Government's Response at 5-18.]
4       The Government's position is that Section 245(a)(2) is
5  categorically a crime of violence. A review of Defendant's
6  conviction documents under the modified categorical approach
7  only adds support to the conclusion that Defendant's conviction
8  was for a crime of violence and his deportation was valid.
9       For purposes of the modified categorical approach, the
10 available documents in this case include the charging document
11 (attached hereto as Exhibit 1) and the transcript of Defendant's
12 plea colloquy (attached hereto as Exhibit 2).[1/] Customs and
13 Border Protection Officers Chavoya and Loperena traveled to Los
14 Angeles to personally review the court's case file and have
15 confirmed that no plea forms or plea agreements were in the
16 file. See Exh. 3.[2/]

17 **A.   The Conviction Documents**

18      1.   The Charging Document

19      Defendant was charged with violating California Penal Code
20 Section 245(b), Assault with a Semiautomatic Firearm on a
21 Person. See Exh. 1. This charge was modified to a violation of

---

[1/] The court's case file also includes the abstract of judgment and the court's minutes, neither of which can be reviewed under the modified categorical approach. See United States v. Snellenberger, 493 F.3d 1015, 1020 (9th Cir. 2007).

[2/] The undersigned also contacted Ken Lamb, the deputy district attorney who prosecuted Defendant's case. Mr. Lamb stated that no written plea forms were filed in this case because, at least at the time of Defendant's conviction, the Central District of the Los Angeles Superior Court did not file written plea forms or plea agreements.

1 California Penal Code Section 245(a)(2), Assault with a Firearm
2 on a Person. Id.; see also Exh. 2 at pg. 3, lines 7-13. The
3 information alleged that Defendant "did willfully and unlawfully
4 commit an assault upon Malik Abdulah" with a firearm. See Exh.
5 1.

6     The information also included an enhancement under Section
7 12022.5(a) and (d). Id. Under Section 12022.5(a) and (d), the
8 sentencing enhancement applies in any prosecution under Section
9 245 where the Defendant "personally uses a firearm."

10     Finally, the information included an enhancement under
11 Section 12022.7(a) based on the allegation that Defendant
12 "personally inflicted great bodily injury on Malik Abdulah." See
13 Exh. 1.

14     2.   The Plea Colloquy

15     On January 18, 2000, the deputy district attorney offered
16 to dismiss the Section 12022.7 enhancement for great bodily
17 injury in exchange for Defendant entering a plea to Section
18 245(a)(2) and the Section 12022.5 use of a firearm enhancement.
19 See Exh. 2 at pg. 3, ll 7-16. The State offered a term of three
20 years on the Section 245(a)(2) charge and a consecutive three
21 years on the enhancement, plus restitution to the victim for
22 lost wages and un-reimbursed hospital expenses. Id. at pg. 3,
23 ll 17-28 and pg. 4, ll 1-17.

24     Defense counsel stipulated that there was a factual basis
25 for the plea and Defendant entered a plea of no contest to the
26 charges and specifically admitted that he used a firearm. Id.
27 at pg. 7, ll 8-10, 27-28 and pg. 8, ll 1-9. Defendant was
28 sentenced to a total of six years in state prison. Id. at pg.

9, ll 14-19. Defendant's sentence also included victim's restitution in the approximate amount of $10,000. Id. at pg. 10, ll 8-9.

**B.  Defendant's Conviction Was for a "Crime of Violence"**

Even if "reckless" conduct were sufficient to sustain a Section 245(a)(2) conviction (which it is not), Defendant's conviction documents support that he was convicted on the basis of his intentional conduct. First, the charge to which Defendant pled alleged that Defendant's assault upon Malik Abdulah was committed "willfully." See Exh. 1. As set forth in the Government's initial response, the term willfully in this context means "that the person committing the act did so intentionally." Cal. Jury Instr. Crim. 9.00. Second, Defendant also pled to the sentencing enhancement under Section 12022.5(a) and (d), which only applies when a defendant "personally uses a firearm." This means Defendant must have "intentionally displayed a firearm in a menacing manner, intentionally fired it, or intentionally struck or hit a human being with it." Cal. Jury Instr. Crim. 17.19.

Nothing in Defendant's plea colloquy supports that he was convicted of anything less than intentional conduct. Although there was no specific discussion regarding the factual basis, defense counsel stipulated that there was a factual basis for the plea. See Exh. 2 at pg. 7, ll 8-10. Thus, Defendant agreed that there was a factual basis to support that he had "willfully" assaulted Malik Abdulah and that he had "personally used" a firearm in doing so. Moreover, Defendant specifically admitted that he had used a firearm in the offense, see Exh. 2,

1  at pg. 8, ll 6-7, and Defendant agreed to pay for the victim's
2  lost wages due to 5 days of hospitalization, see Exh. 2, at pg.
3  3, ll 23-27.  In context, the agreement to pay victim's
4  restitution as part of the plea establishes that Defendant not
5  only intentionally committed an assault with a firearm, he
6  actually caused injury in doing so.  Indeed, defense counsel
7  specifically stated that his client was "not disputing the loss
8  of wages." Id. at pg. 11, ll 19-20.
9  Under these circumstances, it is clear that Defendant was
10 convicted of a crime of violence.  Even if California's statute
11 is overbroad, Defendant's conviction was for "willful" conduct
12 that involved personally using a firearm to assault another
13 person, resulting in injuries requiring a 5 day hospital stay.
14 Because of this conviction, Defendant was an aggravated felon at
15 the time of his deportation in 2004 and his deportation was
16 valid.

### III

### CONCLUSION

19 For the foregoing reasons, the Government respectfully
20 requests that Defendant's motion be denied.
21 DATED: February 15, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Nicole Acton Jones*

NICOLE ACTON JONES
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR2872-JM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN HERON-SALINAS, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S SUPPLEMENTAL RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Jennifer Coon, Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 15, 2008.

　　　　　　　　　　　　　　　　　　　　/s/ *Nicole Acton Jones*
　　　　　　　　　　　　　　　　　　　　NICOLE ACTON JONES
　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney