**TABLE OF CONTENTS**

EXHIBIT 1:    Information

EXHIBIT 2:    January 18, 2000 Reporter's Transcript of
              Guilty Plea and State Prison in the case
              of <u>The People of the State of California</u>
              <u>v. Juan Heron</u>

EXHIBIT 3:    CBP Report dated February 1, 2008

# EXHIBIT
# 1

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br><br>v.<br><br>**01  JUAN HERON  (3/28/1957) (Bk#  6269349)**<br>Defendant(s). | **CASE NO. BA195517**<br><br>*I N F O R M A T I O N*<br><br>Arraignment Hearing<br>Date:  01/18/2000<br>Department:  CEN  119 |

*FILED* LOS ANGELES SUPERIOR COURT JAN 1 8 2000 JOHN A. CLARKE, CLERK BY _____ DEPUTY J. Pulido 233219

### INFORMATION
### SUMMARY

| Ct.<br>No. | Charge | Charge<br>Range | Defendant | Special<br>Allegation | Alleg.<br>Effect |
|---|---|---|---|---|---|
| 1 | PC 245(b)(2) | 3,6,9+3,4,10 | HERON, JUAN | PC 12022.7(a) | +3 Yrs |

The District Attorney of the County of Los Angeles, by this Information alleges that:

### COUNT  1

On or about November 25, 1999, in the County of Los Angeles, the crime of ASSAULT WITH A SEMIAUTOMATIC FIREARM, in violation of PENAL CODE SECTION 245(b), a Felony, was committed by JUAN HERON, who did willfully and unlawfully commit an assault upon MALIK ABDULAH with a semiautomatic firearm.

It is further alleged that the defendant(s), JUAN HERON used a firearm within the meaning of Penal Code Section 12022.5(a) and (d). "NOTICE:   The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

"NOTICE:  Conviction of this offense will require you to provide specimens and samples pursuant to Penal Code section 296.  Willful refusal to provide the specimens and samples is a crime."

It is further alleged that in the commission of the above offense the said defendant(s), JUAN HERON,  personally inflicted great bodily injury upon MALIK ABDULAH, not an accomplice to the above offense, within the meaning of Penal Code Section 12022.7(a) and also causing the above offense to become a serious felony within the meaning of Penal Code Section 1192.7(c)(8).

*I N F O R M A T I O N*

"NOTICE:  This offense is a serious felony and a violent felony within the meaning of Penal Code sections 1192.7(c)(8) and 667.5(c)(8)."

\* \* \* \* \*

THIS INFORMATION CONSISTS OF 1 COUNT(S).

GIL GARCETTI
DISTRICT ATTORNEY
County of Los Angeles,
State of California

BY: _____

KEN E. LAMB
DEPUTY DISTRICT ATTORNEY

Filed in Superior Court,
County of Los Angeles

/JFA

DATED: _____

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.



Rev. 940-1/99  DA Case 97726897                          Page 2                          Case No.BA195517

*INFORMATION*

# EXHIBIT
# 2

1

2       **FILED**
        LOS ANGELES SUPERIOR COURT

3       FEB 0 1 2000

4       JOHN A CLARKE
        *D. Dancer*

5       RETURN DATE:  NONE        BY D. DANCER DEPUTY

6

7

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF LOS ANGELES

11    DEPARTMENT NO. 119              HON. SHERRILL LUKE, JUDGE

12

13    THE PEOPLE OF THE STATE OF        )
      CALIFORNIA,                       )      **ORIGINAL**
14                                      )
                                        )
15                      PLAINTIFF,      )
                                        )
16                      VS.             )   NO. BA 195 517
                                        )
17    JUAN HERON,                       )   GUILTY PLEA AND
                                        )   STATE PRISON
18                      DEFENDANT.      )
      _____   )

19

20          LOS ANGELES, CALIFORNIA, TUESDAY, 1-18-00

21                      A. M. SESSION

22          UPON THE ABOVE DATE, THE DEFENDANT BEING

23       PRESENT, REPRESENTED BY KEITH S. ROSS, ESQ.;

24       THE PEOPLE BEING PRESENT AND REPRESENTED BY

25          KEN LAMB, DEPUTY DISTRICT ATTORNEY,

26          THE FOLLOWING PROCEEDINGS WERE HELD:

27

28

                              1

```
 1              (SPANISH INTERPRETER, EVA CISNEROS)

 2        (JANIS FONSECA, CSR #5141, OFFICIAL REPORTER)

 3

 4        THE COURT:  Court calls the matter of People versus

 5   Juan Heron.  The case number is BA 195 517.  The record

 6   will reflect the defendant is present in court.

 7        MR. ROSS:  Good afternoon, your Honor.  Keith Ross

 8   appearing on behalf of Mr. Heron who is present in custody

 9   in court, being assisted by the Spanish interpreter.

10             Your Honor, I just received --

11        THE COURT:  Excuse me one second, counsel.

12        MR. ROSS:  I apologize.

13        THE COURT:  The record will reflect the defendant is

14   being assisted by the Spanish interpreter, whose name and

15   oath are on file; and represented by counsel, Mr. Keith.

16             The case is on calendar for arraignment.

17   Counsel waive reading of the Information and statement of

18   rights?

19        MR. ROSS:  Yes, your Honor.

20        THE COURT:  How does the defendant wish to plead?

21        MR. ROSS:  At this time, enter plea of not guilty.

22             I would like to confer with my client.  I have

23   an offer to convey to him which may resolve the case.

24             (COUNSEL AND DEFENDANT CONFER)

25        THE COURT:  Counsel, where do we stand?

26        MR. ROSS:  I apologize, your Honor.  One moment.

27             (COUNSEL AND DEFENDANT CONFER)

28        THE COURT:  Counsel, I don't want to press you for
```

2

1  time, but your minute is up.

2       MR. ROSS:  I am sorry, your Honor.  One moment.

3                   (COUNSEL CONFER)

4             (COUNSEL AND DEFENDANT CONFER)

5       MR. ROSS:  He will accept the offer, your Honor.

6       THE COURT:  What is the offer, Mr. Lamb?

7       MR. LAMB:  Mr. Heron is going to enter a plea to

8  Count 1, 245(A)(2), which if it is not -- I think I

9  corrected it on your Information.  But if not, I will do

10  that.  245(A)(2).

11       THE COURT:  Yeah, it is.  But nobody initialed it so

12  I don't know who wrote --

13       MR. LAMB:  It's (A)(2).  Assault with a firearm.

14  For the low term of 3 years, with 3 years for the use of

15  the firearm.  And the People dismiss the G.B.I.  And then

16  restitution -- which -- it appears --

17       THE COURT:  You are talking about consecutive 3 for

18  the firearm useage?

19       MR. LAMB:  Correct.

20       THE COURT:  Low term on that one?

21       MR. LAMB:  Correct.

22       THE COURT:  Go ahead.

23       MR. LAMB:  There is a loss of wages of $2,292, and

24  then there is 5 days in the hospital.  And it wouldn't

25  be --

26       THE COURT:  I am sorry.  What was the loss of wages?

27       MR. LAMB:  $2,292.

28       THE COURT:  And the hospital?

3

1      MR. LAMB:  There is -- it's undetermined, but my

2  guess is -- it wouldn't be shocking at all if that was an

3  additional 8.  For 5 days.  Plus surgery.

4      THE INTERPRETER:  An additional?

5      MR. LAMB:  8,000.

6      THE COURT:  So hospital expense.

7      MR. ROSS:  Actual out-of-pocket hospital expense?

8      MR. LAMB:  That is what it looks.  Appears to be,

9  yeah.

10                  (COUNSEL CONFER)

11      THE COURT:  Are we talking about setting the amount

12  of victim's restitution or a lid or ceiling?

13      MR. LAMB:  Minimum.  That it is going to be at least

14  10,000.  So he will understand that.

15      MR. ROSS:  That is assuming the hospital is actually

16  out-of-pocket.

17      MR. LAMB:  Correct.  Correct.

18      THE COURT:  All right.  You may take the waivers.

19      BY MR. LAMB:

20      Q.   Sir, have you discussed this matter with your

21  attorney?

22      A.   Yes.

23      Q.   You understand you are going to be entering a

24  plea of guilty or no contest.  You will be sentenced to

25  state prison for 6 years.  At some point, you will be

26  released and placed on parole.  There will be terms and

27  conditions of parole you have to follow.  If you fail to

28  comply with the terms and conditions of parole, you could

4

1  be sentenced back to state prison for one year for each

2  violation.  You understand all of that?

3      A.   Yes.

4      Q.   In order to enter this plea, you have to give

5  up certain Constitutional rights.  You have a right to a

6  speedy and public trial.  You understand what that means?

7              (COUNSEL AND DEFENDANT CONFER)

8      A.   Yes.

9      Q.   And do you give up that right?

10     A.   Yes.

11     Q.   You also have a right to a trial -- I am sorry.

12 You also have a right -- to a trial by jury.  Do you

13 understand what that means?

14     A.   Yes.

15     Q.   And do you give up that right?

16     A.   Yes.

17     Q.   Counsel join?

18 MR. ROSS:  I join.

19 MR. LAMB:  People join.

20 BY MR. LAMB:

21     Q.   If there was a trial, you have a right to call

22 witnesses, cross-examine witnesses and use the Court's

23 power to subpoena witnesses.  Since there will be no

24 trial, those rights are not available to you.  Therefore,

25 you must give up each and every one of those rights.  You

26 understand that?

27     A.   Yes.

28     Q.   Do you give up those rights?

1     **A.**   Yes.

2     **Q.**   You also have a right not to make any

3     statements against your own interest.  In entering a plea

4     of guilty or plea of no contest, you are, in fact, making

5     statements against your own interest.  Therefore, you must

6     waive and give up your right against self-incrimination;

7     commonly referred to as your right to remain silent.  You

8     understand that?

9     **A.**   Yes.

10    **Q.**   And do you give up that right?

11    **A.**   Yes.

12    **Q.**   In the State of California, in Superior Court,

13    a plea of no contest is exactly the same as a plea of

14    guilty.  If you enter either one of those pleas and you

15    are on probation or parole for any other case, that plea

16    could be used against you to find you in violation.

17    If you are not a citizen of the United States,

18    this plea would cause you to be deported, prevent you from

19    entering the United States and prevent you from becoming a

20    U. S. Citizen.

21    In addition to the sentence you receive in this

22    case, there could be a fine placed against you, and you

23    would be -- will be, I should say, required to pay

24    restitution.  The restitution, I want you to understand,

25    appears to be over $10,000.  Now, if there is an insurance

26    company involved in paying the medical bills for the

27    victim in this case, the restitution could be less than

28    that.

1          Do you understand that?

2     A.   Yes.

3     Q.   However, if there is no insurance company and

4 it was directly -- directly cost the victim not only lost

5 wages, but medicals, you will be required to pay those

6 bills.  You understand that?

7     A.   Yes.

8     Q.   Counsel stipulate there is a factual basis for

9 the plea?

10     MR. ROSS:  Yes, I do.

11     BY MR. LAMB:

12     Q.   Sir, are you entering this plea freely and

13 voluntarily?

14     A.   Yes.

15     Q.   Any other promises been made to you other than

16 what I stated in open court?

17     A.   No.

18     Q.   Anybody threatened you in any way to get you to

19 enter into this plea?

20     A.   No.

21     Q.   Has anybody made any promises to you other than

22 what I stated in open court?

23     A.   No.

24     Q.   Are you entering this plea freely and

25 voluntarily?

26     A.   Yes.

27     Q.   In case BA 195 517, you are charged in Count 1

28 with violation of Penal Code Section 245(A)(2), commonly

1  referred to as assault with a firearm.  It's also alleged
2  under Penal Code Section 12022.5(A), that you personally
3  used a firearm.  As to the charge against you, how do you
4  plead?
5       A.    No contest.
6       Q.    And do you admit the use of the firearm?
7       A.    Yes.
8       Q.    Counsel join?
9  MR. ROSS:  Join.
10  THE COURT:  How about the 12022.7(A)?
11  MR. LAMB:  People will dismiss that, your Honor.
12  THE COURT:  All right.  Mr. Heron, the Court finds
13  your waivers were knowingly, intelligently,
14  understandingly and explicitly given; you have thereby
15  waived and given up certain Constitutional rights,
16  including the right to a court trial, jury trial with
17  respect to the offenses charged against you in this
18  Information, the right to confront and cross-examine the
19  People's witnesses against you at such trial, the right to
20  produce witnesses to testify in your own defense through
21  the use of the Court's subpoena power, and you have waived
22  and given up the right to remain silent.  That is the
23  privilege against self-incrimination.
24       The Court finds that your plea of no contest to
25  Count 1 and your admission of the use of a firearm within
26  the meaning of Penal Code Section 12022.5(A) through (D)
27  were freely and voluntarily given by you, with an
28  understanding of the nature of the offenses admitted, the

1    possible defenses thereto and the consequences of entering

2    such a plea and making such admission.

3         The Court finds that your plea and admission --

4    that there is a factual basis for them, that this is a

5    plea bargain pursuant to <u>People versus West</u>, and,

6    accordingly, the Court accepts your plea of no contest to

7    Count 1 and your admission of the use allegation.

8         Mr. Ross, you waive formal arraignment for

9    judgment?

10        MR. ROSS:  Yes, your Honor.

11        THE COURT:  No legal cause why judgment should not

12    now be pronounced?

13        MR. ROSS:  No legal cause.

14        THE COURT:  All right.  Mr. Heron, your sentence in

15    this matter will be as follows:  As to Count 1, you will

16    be sentenced to the low term of 3 years in state prison,

17    plus 3 additional years, constituting the low term for the

18    use of the firearm allegation; for a total state prison

19    sentence of 6 years.

20        What are his credits, Mr. Ross?

21        MR. ROSS:  Appears to be 74 actual, plus 20, for a

22    total of 94.

23        THE CLERK:  If that falls under 667 something, that

24    is only 8 days credit.

25        THE COURT:  It would be 94 if he is entitled to the

26    full --

27        THE CLERK:  The chart says 56, plus 8.

28        THE COURT:  56 plus what?

1       THE CLERK:  8, your Honor.

2       THE COURT:  8?

3       THE CLERK:  Yes.

4       THE COURT:  So it's 56 actual?

5       MR. ROSS:  Yes, your Honor.

6       THE COURT:  All right.  You will be granted credit

7  for 64 days time served.

8         In addition, you will be required to pay

9  victim's restitution in the approximate amount of $10,000.

10  That is pursuant to Penal Code Section 1203.04.  You will

11  be required to pay a restitution fine of $200 pursuant to

12  Penal Code Section 1202.4(B).  And you may also be

13  required to pay another $200 fine at a later date.  That

14  is a parole revocation fine, pursuant to Penal Code

15  Section 1202.45.  But the latter fine will become

16  operative only in the event that after you have served

17  your time in state prison and been placed on parole, you

18  should violate the terms and conditions of your parole and

19  your parole should be revoked.

20         You are advised that at the expiration of your

21  period of incarceration, you may -- you will be placed on

22  parole for a period of not to exceed 48 months.  Unless

23  that is waived for good cause by the Board of Prison

24  Terms.  And that if you violate any provision of your

25  parole grant, that your parole may be revoked, and you

26  could be incarcerated for a period not to exceed 12 months

27  in each instance of parole revocation.

28         However, the total amount of time spent in

1  custody due to revocation of parole and the limit of the

2  parole itself may not exceed 4 years.

3          Mr. Heron, do you understand the Court's

4  statement to you of your parole rights?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Mr. Lamb, the People move to dismiss the

7  remaining allegations?

8          MR. LAMB:  Yes, your Honor.

9          THE COURT:  The remaining allegations of the

10  Information will be dismissed in the interest of justice

11  pursuant to Section 1385 of the Penal Code.

12          Anything further on this matter?

13          MR. ROSS:  Your Honor, I just want to make sure that

14  is clear for the record that the actual restitution is

15  out-of-pocket for the medical expenses and he won't owe an

16  additional 8,000, or whatever that turns out to be medical

17  expenses, unless the victim is actually out-of-pocket.

18          THE COURT:  It is medical, plus loss of wages.

19          MR. ROSS:  Yes, your Honor.  We are not disputing

20  the loss of wages.  But as far as the medical expenses,

21  they have to be out-of-pocket.

22          THE COURT:  Not covered by insurance proceeds.  Is

23  that your point?

24          MR. ROSS:  Yes, your Honor.

25          THE COURT:  The loss of wages has been established

26  at $2,292?

27          MR. LAMB:  Yes.

28          THE COURT:  All right.  Plus any out-of-pocket loss

11

1    to cover hospitalization and medical expenses?

2        All right.  The record will so reflect.  Thank

3    you very much.

4        MR. ROSS:  Thank you, your Honor.

5                (PROCEEDINGS ADJOURNED)

6                    --oOo--

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              FOR THE COUNTY OF LOS ANGELES

3   DEPARTMENT NO. 119              HON. SHERRILL LUKE, JUDGE

4

5   THE PEOPLE OF THE STATE OF          )
    CALIFORNIA,                         )
6                                       )
                    PLAINTIFF,          )
7                                       )
                    VS.                 )    NO. BA 195 517
8                                       )
    JUAN HERON,                         )    REPORTER'S
9                                       )    CERTIFICATE
                    DEFENDANT.          )
10  _____)

11

12

13          I, JANIS FONSECA, OFFICIAL REPORTER OF THE

14  SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY

15  OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES

16  COMPRISE A FULL, TRUE AND CORRECT TRANSCRIPT OF THE

17  PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER.

18          DATED THIS 25th OF JANUARY, 2000.

19

20

21

22  _____

23          JANIS FONSECA, CSR #5141

24              OFFICIAL REPORTER

25

26

27

28

# EXHIBIT
# 3

 

**U.S. CUSTOMS AND BORDER PROTECTION**
**Department of Homeland Security**
**San Diego Field Office**
**San Ysidro/Otay Mesa Passenger**
**Other Officer Report / Narrative Continuation**

Narrative continuation ☐          Report of Other Officer Involved in Incident ☒
REPORTING OFFICER (Name/Title/Agency):  Edward Chavoya/CBPEO Officer/CBP
Subjects Name:  Juan HERON                         DOB:  3/28/1957
Port-of-Entry:  San Ysidro    Seizure No.:  2005-2508-          Date:  02/01/2008
TOPIC:  Follow up on 1326 case.
IOIL No. (If Any):  2005-2508-

(Write in first person:  Record observations, statements and behavior, contraband concealment, and other pertinent facts)

On January 29, 2008 Customs and Border Protection (CBP) Enforcement Officer Claudia Rios contacted the San Ysidro CBP Field Investigative Support Team (F.I.S.T.) regarding a request by AUSA Jones.  AUSA Jones was requesting that we obtain certified copies of the Abstract of Judgment, Plea Agreement, Plea Colloquy and the court transcript regarding the California State conviction of Juan HERON on 1/18/2000.  Criminal case number BA195517 was located at the Los Angeles Superior Court, 210 West Temple Street, Los Angeles, CA 90012.

On January 30, 2008 CBP Enforcement Officer Edward Chavoya and Enforcement Officer Alfredo Loperena traveled and arrived at the Los Angeles Superior Court Clerk's Office.  We requested and were allowed to view criminal case file number BA195517.  The review of the file only yielded the Abstract of Judgment, neither the Plea Agreement or the Plea Colloquy was present in the criminal case file.  The court transcript was requested from the Los Angeles Superior Court Reporter's Office, which they stated would be sent out immediately.

Ed Chavoya 7245

REPORTING OFFICER/BADGE NO:                    SUPERVISOR/BADGE NO:

AREA CODE (619) SAN YSIDRO:  690-8800;  OTAY MESA:  671-8900