1  **JENNIFER L. COON**
   California State Bar No. 203913
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   (619) 234-8467/Fax: (619) 687-2666
4  E-Mail: jennifer_coon@fd.org

5  Attorneys for Mr. Juan Heron-Salinas

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                 **(HONORABLE JEFFREY T. MILLER)**

11  UNITED STATES OF AMERICA,          )    CASE NO. 07CR2872-JM
                                       )
12          Plaintiff,                 )    DATE:        March 7, 2008
                                       )    TIME:        11:00 a.m.
13  v.                                 )
                                       )    SUPPLEMENTAL BRIEFING IN SUPPORT OF
14  **JUAN HERON-SALINAS,**            )    DEFENDANT'S  MOTION  TO  DISMISS
                                       )    INDICTMENT  DUE  TO  INVALID
15          Defendant.                 )    DEPORTATION
    _____)

16

17

18                              **I.**

19                        **INTRODUCTION**

20          Pursuant to the Court's order of January 25, 2008, defendant Juan Heron-Salinas submits this

21  supplemental briefing in support of, and response to the government's opposition to, his motion to dismiss

22  the indictment due to invalid deportation.

23          According to information provided by the government, Mr. Heron-Salinas was removed in 2004 on

24  the basis that his alleged prior conviction for assault with a firearm, in violation of Cal. Penal Code § 245(a),

25  was a crime of violence and therefore an aggravated felony.  This was the sole ground for the 2004 removal,

26  and the government alleges no other removal that would support a § 1326 charge.  Moreover, the government

27  does not dispute that, if Mr. Heron-Salinas was erroneously advised that he was removable as an aggravated

28  felon, he is excused from establishing exhaustion of administrative remedies and deprivation of judicial

1   review under § 1326(d). *See United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006). Likewise,

2   the government does not dispute that, if Mr. Heron-Salinas had not committed an aggravated felony, he was

3   clearly prejudiced by his removal on that basis. *See id.* Thus, the only dispute between the parties in

4   connection with this motion is whether Mr. Heron-Salinas's alleged § 245(a) conviction is a crime of violence

5   as that term is defined in 18 U.S.C. § 16.

6         A § 245(a) conviction is not categorically a crime of violence. Rather, the statute is categorically

7   overbroad because: (1) it encompasses reckless and negligent, as well as intentional, conduct; and (2) it may

8   be based on the "least touching" of the victim rather than the requisite use of "force." Neither has the

9   government established that Mr. Heron-Salinas's alleged conviction is a crime of violence under the modified

10   categorical approach. The only judicially noticeable documents submitted by the government show that Mr.

11   Heron-Salinas's alleged conviction was based on a *People v. West* plea. As the Ninth Circuit has recently

12   made clear, however, such a plea does not admit the factual allegations in the charging document, or indeed

13   admit any specific details about the charged conduct. Accordingly, the modified categorical approach does

14   not add anything to the categorical analysis, or establish that Mr. Heron-Salinas's alleged conviction was

15   necessarily a generic crime of violence. This Court should therefore grant Mr. Heron-Salinas's motion, and

16   dismiss the indictment due to an invalid deportation.

17                                    **II.**

18                     **CALIFORNIA ASSAULT WITH A FIREARM**

19               **IS NOT CATEGORICALLY A CRIME OF VIOLENCE**

20         An aggravated felony is defined by the Immigration and Nationality Act to include a "crime of

21   violence" under 18 U.S.C. § 16. *Lara-Cazares v. Gonzales*, 408 F.3d 1217, 1219 (9th Cir. 2005) (citing §

22   8 U.S.C. § 1101(a)(43)(F). Section 16, in turn, defines "crime of violence" as "(a) an offense that has as an

23   element the use, attempted use, or threatened use of physical force against the person or property of another,

24   or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force

25   against the person or property of another may be used in the course of committing the offense." 18 U.S.C.

26   § 16.

27         To determine whether a prior conviction meets this definition, this Court must employ the

28   "categorical" approach adopted in *United States v. Taylor*, 495 U.S. 575 (1990). *See United States v.*

07CR2872-JM

*Lopez-Montanez*, 421 F.3d 926, 929 (9th Cir. 2005). Under this approach, courts "'look only to the fact of conviction and the statutory definition of the prior offense,' not to the underlying facts." *Id.* at 929 (quoting *Taylor*, 495 U.S. at 602). "If the state statute criminalizes conduct that is not a crime of violence ..., then [the] conviction is not a categorical match." *United States v. Wenner*, 351 F.3d 969, 972 (9th Cir. 2003). Rather, a prior conviction qualifies as a crime of violence "if and only if the 'full range of conduct' covered by it falls within the meaning of that term." *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999) (internal citation omitted). Notably, although a "theoretical possibility" of such overbreadth is insufficient, where a statute "explicitly defines a crime more broadly than the generic definition, no 'legal imagination,' ..., is required to hold that a realistic probability exists that the state will apply its statute to conduct that falls outside the generic definition of the crime." *United States v. Grisel,* 488 F.3d 844, 850 (9th Cir. 2007) (*en banc*) (quoting *Gonzalez v. Duenas-Alvarez*, 127 S.Ct. 815, 822 (2007)).

Here, the government cannot establish that California assault with a firearm is categorically a crime of violence. A superficial look at the statute may suggest, as the government argues, that the offense seems violent. In fact, however, the statute is categorically overbroad because: (1) it encompasses actions that are negligent or reckless and performed without specific intent; and (2) it may be based on the "least touching" of the victim rather than the requisite use of force.

**A.    Cal. Penal Code § 245 Does Not Have the Requisite Mens Rea**

California Penal Code § 245 is categorically overbroad because it encompasses reckless and negligent, as well as intentional, conduct. Under *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004), the Supreme Court interpreted § 16 to require the active employment of force, which requires "a higher degree of intent than negligent or merely accidental conduct." *See Lara-Cazares*, 408 F.3d at 1220. This requirement applies with equal force to both § 16(a) and § 16(b). *See id.* (quoting *Leocal*, 543 U.S. at 9) ("[W]e must give the language in § 16(b) an identical construction, requiring a higher mens rea than the merely accidental or negligent conduct ...").

Moreover, as the Ninth Circuit has clarified, a reckless mens rea is also insufficient. In *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1125 (9th Cir. 2006) (*en banc*), the court considered an Arizona statute which defined assault as the intentional, knowing, or reckless causing of physical injury to another person. The Arizona statutes defined recklessness as "consciously disregarding a substantial and unjustifiable risk that the result will occur or the circumstances exist." *Id.* at 1130. The *en banc* court held that, under *Leocal*, "the

reckless use of force is 'accidental' and crimes of recklessness cannot be crimes of violence." *Id.* Likewise, in *United States v. Narvaez-Gomez*, 489 F.3d 970, 977 (9th Cir. 2007), the court held that discharging a firearm at an inhabited dwelling, in violation of Cal. Penal Code § 246, is not a categorical crime of violence. The court emphasized that § 246 required a "conscious indifference" intent element which was equivalent to recklessness. *See id.* at 976. Because violation of § 246 could result from purely reckless conduct, the offense could not constitute a categorical crime of violence. *See id.* at 977.

Cal. Penal Code § 245 suffers from the same deficiencies. Section 245(a)(2) prohibits "an assault upon the person of another with a firearm." Assault, in turn, is defined as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240. However, § 245 does not require specific intent to cause injury, or even a subjective awareness that such injury might occur. *People v. Williams*, 26 Cal. 4th 779, 788, 790 (2001). Rather, § 245 requires only a "conscious disregard" or "reckless disregard" of the probable consequences. *Williams*, 26 Cal. 4th at 790; *People v. Griggs*, 265 Cal. Rptr. 53, 57 (1989). Under *Fernandez-Ruiz* and *Narvaez-Gomez*, such a mens rea is equivalent to recklessness, and does not suffice to establish a categorical crime of violence. *See Fernandez-Ruiz*, 466 F.3d at 1130; *Narvaez-Gomez*, 489 F.3d at 976-77.

Moreover, because the crime of assault addresses conduct "based on what *might* have happened – and not what *actually* happened – the mental state for assault incorporates the language of probability, i.e., direct, natural, and probable consequences." *Williams*, 26 Cal. 4th at 787 (emphasis in original). The test is *objective* rather than *subjective*: to be convicted of assault, "a defendant must be aware of the facts that would lead a reasonable person to realize that a battery would directly, naturally and probably result from his conduct." *Id.* at 788. Thus, although the defendant's *acts* must be intentional, the application of the use of force and the resulting battery need not be. Rather, even if a defendant "honestly believes that his act was not likely to result in a battery[,] [he] is still guilty of assault if a reasonable person, viewing the facts known to defendant, would find that the act would directly, naturally and probably result in a battery." *Id.* at 788 n.3.

In *Williams*, the California Supreme Court explicitly acknowledged that assault arguably encompassed a reckless or even lesser mental state. The court noted that "mere recklessness or criminal negligence is still not enough," but only in the sense that "a jury cannot find a defendant guilty of assault based on facts he should have known but did not know." *Id.* at 788. The court further clarified that prior caselaw, which held

1    that reckless conduct cannot constitute an assault, "meant 'recklessness' in its historical sense as a synonym

2    for criminal negligence, rather than its more modern conception as a subjective appreciation of the risk of

3    harm to another." *Id.* at 788 n.4.  Because, as the court made clear, assault does not require even a subjective

4    appreciation of the risk of harm, *see id.* at 788 n.3, the mental state for assault is below even recklessness.

5    Thus, the natural and probable consequences standard "arguably implies an objective mental state consistent

6    with a negligence standard." *Id.* at 787.

7        Subsequent caselaw has made it clear that assault does, in fact, encompass a negligent mental state.

8    In *People v. Wright*, 100 Cal. App. 4th 703, 712 (2002), the California Court of Appeal noted that

9    "[r]ecklessness requires a subjective awareness of the risk of harm," while "[n]egligence requires an objective

10   view of the risk of harm. 'The facts must be such that the ... consequence of the negligent act could reasonably

11   have been foreseen.'"  As the court explained:

12       By construing assault as intentional conduct involving an objective risk of harm, *Williams*
         defines the mental state by a negligence standard.  *Williams* acknowledges the objective test
13       of probable consequences arguably implies an objective mental state consistent with a
         negligence standard.
14

15   *Id.* at 712.  The *Wright* court further found that the mental state enunciated in *Williams* was equivalent to

16   criminal negligence, *i.e.*, "whether a reasonable person in defendant's position would have been aware of the

17   risk involved." *Id.*  The court noted that, under CALJIC 9.00, "the jury was permitted to convict defendant

18   of assault if it determined, under an objective view of the facts, that an application of physical force on another

19   person was reasonably foreseeable." *Id.* at 724.  Nonetheless, in affirming the defendant's conviction for

20   assault with a deadly weapon in violation of Cal. Penal Code § 245, the court found that the defendant in that

21   case was "properly convicted of a <u>negligent assault</u> on the facts of the case." *Id.* at 706 (emphasis added).

22   Thus, § 245 regulates criminally negligent conduct, which falls outside the categorical definition of a crime

23   of violence.

24       The government concedes that California law does not require proof that a defendant intended to cause

25   injury, but argues this is irrelevant to the analysis under § 16.  (Gov't Opp. at 8-9).  To the contrary, as the

26   Ninth Circuit made clear in *Fernandez-Ruiz*, a statute which encompasses "recklessly causing ... physical

27   injury to another person" is not a categorical crime of violence.  466 F.3d at 1126 (quoting Ariz. Rev. Stat.

28   § 13-1203(A)(1)).  Likewise, in *Narvaez-Gomez*, the court held that discharging a firearm with "conscious

indifference to the probable consequence[s]" incorporates a recklessness standard, and does not categorically constitute a crime of violence. 489 F.3d at 976-77. An offense under § 245, which encompasses conscious disregard of the probable consequences, *Williams*, 26 Cal. 4th at 790, or even negligence, *Wright*, 100 Cal. App. 4th at 706, has the same mental state. Thus, as in *Narvaez-Gomez*, the offense is not categorically a crime of violence.

The government also argues that it is impossible to commit the offense of assault with a deadly weapon without creating a substantial risk of using physical force under § 16(b). (Gov't Opp. at 9.) However, as the Ninth Circuit has made clear, the intent requirement applies equally to § 16(a) and § 16(b). *Lara-Cazares*, 408 F.3d at 1220. Because § 245 requires no subjective awareness of the risk of force, but is rather satisfied by recklessness or even negligence, it does not categorically satisfy § 16(b).

The government also argues throughout its opposition that § 245 requires "intentional" or "willful" conduct. The critical point, however, is that § 245 requires an intentional *act* but not an intentional *use of force*. Rather, a person may be convicted of an assault by willfully committing an act "which <u>by its nature would probably and directly result in the application of physical force</u> on another person." Cal. Jury Instr. 9.00 (emphasis added). As the California courts have made clear, such a standard does not require the defendant to intend, or even be aware, that his actions will result in the application of physical force, but rather encompasses recklessness or even negligence. *See Williams*, 76 Cal. 4th at 788 & n.3*; Wright*, 100 Cal. App. 4th at 706, 712. Such a standard simply does not satisfy the intent requirement of § 16.

**B.    <u>Cal. Penal Code § 245 Does Not Require Use of Force</u>**

Section 245 is also not a crime of violence because it may be based on the "least touching" of the victim. In California, "[a]n assault includes an unconsented touching of the victim." *People v. Rosen*, 56 Cal. Rptr. 3d 444, 453 (2007) (citing 1 Witkin & Epstein, *Cal. Criminal Law*, Crimes Against the Person, §§ 1-2, at 638-39 (3d ed. 2000)). In fact, California courts have described the "force" necessary for an assault as "the least touching" of another. *See People v. Rocha*, 3 Cal. 3d 893, 899 (1971) ("A battery must be contemplated, but only an 'injury' as that term is used with respect to a battery need be intended. 'It has long been established, both in tort and criminal law, that the *least touching* may constitute battery. In other words, force against the person is enough, it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave any mark'") (emphasis added); *see also id.* at 900 ("The violent injury here mentioned is not

1    synonymous with bodily harm, but includes any wrongful act committed by means of physical force against

2    the person of another, even although only the feelings of such person are injured by the act") (quoting *People*

3    *v. Bradbury*, 151 Cal. 675, 676-77 (1907)); *People v. Colantuono*, 7 Cal. 4th 206, 214 n.4 (1994) (quoting

4    the former passage in Rocha, and stating, "[a]ccordingly, references throughout this opinion to 'violent injury'

5    or 'violent-injury-producing' acts should be understood in light of this explication"). Thus, as an assault

6    under § 245(a)(2) may be based on the "least touching" of the victim, the offense does not involve an element

7    of force as described in § 16.

8        *Ortega-Mendez v. Gonzales*, 450 F.3d 1010 (9th Cir. 2006), is consistent with that analysis. In that

9    case, the Ninth Circuit held that battery under Cal. Penal Code § 242 "is not categorically a 'crime of

10    violence' within the meaning of 18 U.S.C. § 16(a)." *Id.* at 1020. The court noted that the statutory definition

11    of battery included "'any willful and unlawful use of force or violence upon the person of another.'" *Id.* at

12    1016 (quoting Cal. Penal Code § 242). The court explained, however, that the phrase "use of force or

13    violence" in California "is a term of art, requiring neither a force capable of hurting or causing injury nor

14    violence in the usual sense of the term." *Id.* Indeed, citing and quoting some of the § 245 cases above, such

15    as *Colantuono* and *Rocha*, the court concluded that the "force or violence" contemplated for battery included

16    the "least touching" of the victim, *id.* at 1017, and "encompassed mere offensive touching." *Id.* at 1019 (citing

17    *Rocha*, 3 Cal. 3d at 899 n.12). In contrast, "the force necessary to constitute a crime of violence [under § 16]

18    must actually be violent in nature.'" *Id.* at 1016 (quoting *Singh v. Ashcroft*, 386 F.3d 1228, 1233 (9th Cir.

19    2004)). Thus, because California battery involves mere "offensive touching," conduct that is not "violent in

20    nature," *Ortega-Mendez* held that it does not have the element of force contemplated by § 16.

21        Likewise, assault under § 245 does not have the element of force required by § 16. Although the

22    California assault statute contains the slight different language of "violent injury," *see* Cal. Penal Code § 240,

23    *Rocha* and *Colantuono* – cases interpreting § 245 – specifically define "violent injury" as that which would

24    constitute a battery. *Rocha*, 3 Cal. 3d at 899 ("only an 'injury' as that term is used with respect to a battery

25    need be intended"); *Colantuono*, 7 Cal. 4th at 214 n.4 (quoting *Rocha*, and stating, "[a]ccordingly, references

26    throughout this opinion to 'violent injury' or 'violent-injury-producing' acts should be understood in light of

27    this explication"). Thus, *Ortega-Mendez* controls because the "force" necessary for a battery is the force

28

1  necessary for an assault.  Each "need not be violent or severe," and both contemplate only "the least

2  touching"of another.  *Rocha*, 3 Cal. 3d at 899 n.12.

3       Indeed, the Ninth Circuit has previously held that similar "touching" does not constitute a crime of

4  violence.  *See United States v. Lopez-Montanez*, 421 F.3d 926 (9th Cir. 2005).  In *Lopez-Montanez*, the court

5  declared that California's sexual battery statute is not categorically a crime of violence, in part because the

6  statute does not involve the use of force.  *See id.* at 929.  The court explained that "'the force necessary to

7  constitute a crime of violence [] must actually be violent in nature.'"  *Id.* (quoting *Ye v. INS*, 214 F.3d 1128,

8  1133 (9th Cir. 2000)).  The sexual battery statute, however, attached liability for any physical contact with

9  the skin of another person.  Thus, because the "touching may be 'ephemeral,' or committed without the use

10  of force," *id.*, the sexual battery statute was not a crime of violence.  The same analysis applies to § 245,

11  because the force necessary to constitute the assault "need not be violent or severe" and contemplates "the

12  least touching" of another.  *Rocha*, 3 Cal. 3d at 899 n.12.

13                                          **III.**

14  **MR. HERON-SALINAS'S ALLEGED CONVICTION IS NOT A CRIME OF VIOLENCE**

15              **UNDER THE MODIFIED CATEGORICAL APPROACH**

16       The modified categorical approach does nothing to change the above analysis.  "In a 'narrow range

17  of cases' in which the statute criminalizes conduct that would not constitute a [predicate] offense, *Taylor*

18  endorsed a modified categorical approach under which the court can examine 'documentation or judicially

19  noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes.'"

20  *United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004) (internal citations omitted).  The

21  government "has the burden to establish clearly and unequivocally the conviction was based on all of the

22  elements of a qualifying predicate offense."  *Id.* Moreover, where an alleged conviction rests on a guilty plea

23  rather than a jury verdict, the record must confirm "that the plea "'necessarily' rested on the fact identifying

24  the [offense] as generic.'"  *United States v. Vidal*, 504 F.3d 1072, 1086 (9th Cir. 2007) (internal quotations

25  omitted).

26  //

27  //

28  //

Here, the only two judicially noticeable documents before the Court are the Information and the transcript of the plea colloquy.[1]  The government contends that those documents establish that Mr. Heron-Salinas admitted to a "willful" assault.  In particular, the government notes that the Information alleges that the assault was committed "willfully," and alleged various enhancements.  The Information, however, does not establish the facts of Mr. Heron-Salinas's alleged conviction.  "[L]ike any charging document, the information is insufficient alone to prove the facts to which [the defendant] admitted."  *United States v. Snellenberger*, 493 F.3d 1015, 1019 (9th Cir. 2007).  In any event, as discussed above, a "willful" or "intentional" assault does not establish, as required by § 16, that the application of the use of force or the risk of injury was willful or intentional.

The government also relies on the plea colloquy, in which Mr. Heron-Salinas's counsel stipulated that there was a factual basis for the plea.  Again, however, and as the government concedes, there was no specific discussion regarding the factual basis.  In particular, neither Mr. Heron-Salinas nor his counsel ever admitted guilt to "the critical phrase 'as charged in the Information.'"  *Vidal*, 504 F.3d at 1087.  The plea "does not, therefore, establish that [Mr. Heron-Salinas] admitted to all, or any, of the factual allegations" in the charging document.  *Id.*  Accordingly, there is simply no basis for the government's conclusion that Mr. Heron-Salinas admitted to "willful" conduct.

Moreover, the plea colloquy shows that Mr. Heron-Salinas entered a no contest plea pursuant to *People v. West*, 477 P.2d 409 (Cal. 1970).  *See* Govt. Exh. 2, Transcript of Plea Colloquy, at p.8.  A *People v. West* plea is "a plea of nolo contendere that does not establish factual guilt."  *Vidal,* 504 F.3d at 1089.  In addition, in the context of a *West* plea, "[a] court is not limited to accepting a guilty plea only to the offense charged but can accept a guilty plea to any reasonably related lesser offense."  *Id.* at 1087-88 (citing California caselaw).  Thus, "we have no way of knowing what conduct [the defendant] admitted when he pled guilty to conduct that was not identical to that charged in Count One of the Complaint."  *Id.* at 1088.  Rather, by

---

[1] In its original opposition papers, the government also submitted the abstract of judgment relating to the alleged § 245(a) conviction, as well as a Presentence Report in an unrelated case.  As the government concedes, the abstract of judgment cannot be considered under the modified categorical approach.  *See United States v. Snellenberger*, 493 F.3d 1015, 1020 (9th Cir. 2007), cited in Govt's Suppl. Response at 3 n.1.  Likewise, a federal Presentence Report purporting to summarize the facts of an alleged conviction cannot be considered.  *See United States v. Vidal*, 504 F.3d 1072, 1087 n.25 (9th Cir. 2007).  Mr. Heron-Salinas therefore objects to the Court's consideration of these documents.

1 | entering a *West* plea, a defendant "[does] not admit the specific details about his conduct on the ... counts [to

2 | which] he pled guilty." *Id*. at 1089. Thus, by entering a *West* plea, Mr. Heron-Salinas did not admit <u>any</u>

3 | factual allegations against him, much less the specific allegation that his conduct was willful.

4 |    Finally, the government notes that Mr. Heron-Salinas admitted "use" of a firearm and agreed to pay

5 | victim restitution. In the context of a *West* plea, however, admission of use of a firearm does not establish

6 | that such use was "intentional" as defined in Cal. Jury Instr. Crim. 17.19, because the defendant did not admit

7 | to any specific factual allegations supporting that enhancement. In any event, as discussed above, there has

8 | been no showing that Mr. Heron-Salinas intended to apply the use of force or intended a resulting injury.

9 | Likewise, defense counsel's agreement not to dispute the victim's claimed restitution does not establish any

10 | factual admissions surrounding this offense. Accordingly, the modified categorical approach does not

11 | establish that Mr. Heron-Salinas's alleged § 245(a) conviction is "necessarily" a crime of violence.

12 | **IV.**

13 | **<u>CONCLUSION</u>**

14 |    For the foregoing reasons, Mr. Heron-Salinas respectfully requests that the Court grant his motion to

15 | dismiss the indictment due to an invalid deportation.

16 | Respectfully submitted,

17 |

18 | DATED:    February 29, 2008          */s/ Jennifer L. Coon*

19 | **JENNIFER L. COON**
Federal Defenders of San Diego, Inc.

20 | Attorneys for Mr. Heron-Salinas
Jennifer_Coon@fd.org

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**CERTIFICATE OF SERVICE**

1

2          Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her

3   information and belief, and that a copy of the foregoing document has been served this day upon:

4          Courtesy Copy Court

5          Copy Assistant U.S. Attorney via ECF Notice of Electronic Filing

6

7   Dated: February 29, 2008                              _____*/s/  Jennifer L. Coon*_____
                                                          JENNIFER L. COON
8                                                         Federal Defenders of San Diego, Inc.
                                                          225 Broadway, Suite 900
9                                                         San Diego, CA 92101-5030
                                                          (619) 234-8467  (tel)
10                                                        (619) 687-2666  (fax)
                                                          e-mail: Jennifer_Coon@fd.org
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28