# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>    vs.<br>JUAN HERON-SALINAS,<br><br>                              Defendant. | CASE NO. 07cr2872 JM<br><br>ORDER DENYING MOTION TO DISMISS INDICTMENT |

Defendant moves to dismiss the indictment on the ground that his prior conviction for assault with a firearm, in violation of Cal. Penal Code §245(a), is not a crime of violence as that term is defined in 8 U.S.C. §16. The Government opposes the motion. For the reasons set forth below, the motion to dismiss the indictment is denied.

## BACKGROUND

On October 9, 2007 Defendant attempted to enter the United States at the San Ysidro Port of Entry. Defendant, along with three other individuals, were concealed in the trunk of an automobile that sought entry into the United States. Upon discovery, Defendant was taken to secondary where it was determined that Defendant had a criminal and immigration history.

Defendant's criminal history arises from a January 18, 2000 conviction by plea in Los Angeles Superior Court for Assault with a Firearm in violation of Penal Code §245(a)(2). Defendant received a 72 month custodial sentence and was also ordered to

1  pay restitution to the victim for medical, hospital, and lost wages expenses.

2  On December 30, 2004 an immigration judge determined that the assault with a firearm conviction rendered Defendant removable as the conviction was a crime of violence which constituted an aggravated felony. Defendant was removed yet returned to the United States. On December 4, 2006 Defendant was convicted in this district of alien smuggling in violation of 8 U.S.C. §1324. Defendant now challenges the immigration judge's determination that violation of Penal Code §245(a)(2) is an aggravated felony.

## DISCUSSION

A defendant in a §1326 prosecution may collaterally attack the prior deportation before trial and preclude the government from relying on such deportation only "if the deportation proceeding was so procedurally flawed that it effectively eliminated the right of an alien to obtain judicial review. . . ." United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996), cert. denied, 117 S.Ct. 1096 (1997). The collateral attack of a prior deportation is statutorily permitted only if:

> (1) the alien has exhausted any administrative remedies that may have been available to seek relief against the order,
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity to seek relief against the order; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. §1326(d)(1-3). To prevail in attacking the validity of a prior deportation the defense must show that (1) due process rights were in fact violated and (2) prejudice. United States v. Gutierrez-Alba, 128 F.3d 1324 (9th Cir. 1997).

Defendant argues that assault with a deadly weapon is not an aggravated felony. Defendant contends that a conviction for assault with a deadly weapon under Penal Code §245(a) may be sustained upon proof that a person acted either recklessly or negligently and therefore the crime is not categorically a crime of violence. This argument is not persuasive.

The process for determining whether a prior conviction qualifies as an aggravated felony is summarized in United States v. Pallares-Galan, 359 F.3d 1099, 1099 (9th Cir.

2004):

> Under Taylor's (Taylor v. United States, 495 U.S. 575 (1990)) categorical approach, the 'issue is not whether the actual conduct constituted an aggravated felony, but whether the full range of conduct encompassed by the state statute constitutes an aggravated felony, and we look only to the fact of conviction and the statutory definition of the prior offense to make this determination. If we determine that the statute which the defendant was found to have violated is broader in scope than the federal provision – that the statute proscribes not only conduct that would constitute an aggravated felony but also conduct that would not – then the state conviction may not be used, except under a 'modified categorical approach.' Under the modified categorical approach, the conviction may be used only if the record contains documentation of judicial noticeable facts that clearly establish that the conviction is a predicate conviction. Moreover, when applying the modified categorical approach we are limited to consulting a narrow and carefully specified set of documents in order to determine whether the particular conviction qualifies (charging documents, jury instructions, verdict form, abstract of judgment, etc.). (citations omitted).

Here, the court concludes that a conviction for violation of Penal Code 245(a) is categorically a crime of violence. A crime of violence means:

(a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

8 U.S.C. §16.

California's assault statute defines assault as "an unlawful attempt, coupled with the present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240. Among other elements, the following elements must also be proved:

1. A person willfully [and unlawfully] committed an act which by its nature would probably and directly result in the application of physical force on another person.

2. The person committing the act was aware of facts that would lead a reasonable person to realize that as a direct, natural and probably result of this act that physical force would be applied to another person; and

3. At the time the act was committed, the person committing the act had the present ability to apply physical force to the person of another. The word "willfully" means that the person committing the act did so intentionally. However, an assault does not require an intent to cause injury to another person, or an actual awareness of the risk that injury might occur to another person. To constitute an assault, it is not

>necessary that any actual injury be inflicted.  However, if an injury is inflicted it may be considered in connection with other evidence in determining whether an assault was committed [and, if so, the nature of the assault].

Cal. Jury Instr. Crim. 9.00.  As an assault with a firearm under Penal Code 245(a)(2) requires intentional conduct, Defendant's authorities, cited for the proposition that negligent or even reckless conduct is insufficient to support a finding of a crime of violence, are inapposite.  See Leocal v. Ashcroft, 543 U.S. 1, 13 (2004) (A DUI cannot be a crime of violence where the statute defining the offense "reaches individuals who were negligent or less." ); Fernandez-Ruiz v. United States, 466 F.3d 1121 (9th Cir. 2006) (en banc) (Arizona statute imposing criminal liability based upon recklessly causing physical injury is not a crime of violence ).[1]  In the present case, the crime of assault with a firearm is categorically a crime of violence under either §§16(a) or (b) as the offense requires an intent to commit assault and has as "an element the use, attempted use, or threatened use of physical force against the person," 8 U.S.C. §16(a), or is an offense which "involves a substantial risk that physical force against the person" be used.  8 U.S.C. §16(b).

In sum, the motion to dismiss the indictment is denied.

**IT IS SO ORDERED.**

DATED: March 25, 2008

Hon. Jeffrey T. Miller
United States District Judge

cc:         All parties

---

[1] The court further notes, by analogy to the following cases, that assault with a firearm is categorically a crime of violence.  In United States v. Bolanos-Hernandez. 492 F.3d 1140 (9th Cir. 2007, the Ninth Circuit held that assault with intent to commit rape under Penal Code 220 constituted a crime of violence.  Further, the Ninth Circuit has indicated that a "voluntary manslaughter conviction qualifies as an aggravated felony" under the categorical approach even though a convicted individual acts without malice when he acts upon a sudden quarrel or heat of passion.  Anderson v. Gonzalez, 497 F.3d 927, 937 (9th Cir. 2007).